IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:19cr432-MHT |
| | ) | (WO) |
| ROBERT BRANDON MALONE | ) | |

OPINION AND ORDER

This case is before the court on defendant Robert Brandon Malone's motion to continue the trial date. For the reasons set forth below, the court finds that Malone's upcoming jury trial, now set for January 6, 2020, should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

> public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Malone in a speedy trial. Malone has pending charges from other jurisdictions, and counsel are negotiating how best to proceed; defense counsel is undertaking investigations into the

allegations in this matter; and, because Malone is currently being held out-of-county, preparation for his defense is difficult. *See* Motion to Continue Trial (doc. no. 22). There is no indication of a lack of diligence on defense counsel's part. A continuance is warranted to afford defense counsel reasonable time for preparation. Furthermore, the government does not oppose a continuance. *See id.*

***

Accordingly, it is ORDERED as follows:

(1) Defendant Robert Brandon Malone's motion to continue trial (doc. no. 22) is granted.

(2) The jury selection and trial for defendant Malone, now set for January 6, 2020, are reset for February 24, 2020, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference in advance of the February 24, 2020, trial term, and shall reset the deadline for entering a change of plea and any other appropriate deadlines.

DONE, this the 27th day of November, 2019.

                                              /s/ Myron H. Thompson
                                           **UNITED STATES DISTRICT JUDGE**